# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

CLIFTON SANDIFER                                                                PLAINTIFF

V.                                                                NO. 1:11CV006-D-D

BOBBY RANDEL, et al.                                                        DEFENDANTS

## MEMORANDUM OPINION

The court, *sua sponte*, takes up the dismissal of the Plaintiff's case filed under 42 U.S.C. § 1983. *See* 28 U.S.C. §§ 1915(e)(2) and 1915(A). The Plaintiff, a former inmate at the Clay County Jail, complains that the Defendants knowing tolerated a substantial risk to his safety and then failed to provide him with timely medical treatment. Specifically, the Plaintiff states that on December 30, 2009 he was performing garbage collections duties as a trustee at the Clay County Jail. On this day, the Plaintiff submits that the overloaded garbage truck was being driven recklessly. The excessive speed caused garbage to fly out of the back of the truck. The flying debris hit the Plaintiff and he fell off the back of the truck. The Plaintiff was taken for emergency treatment. He sustained an unspecified injury to his left elbow and was referred to a chiropractor. The Plaintiff was seen by a doctor on January 11th and 18th and had surgery on the 26th. The Plaintiff is attempting to recover compensatory damages for delayed medical attention and for the Defendants' reckless actions. .

### General Conditions

"[T]he Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.), *cert. denied*, 493 U.S. 969 (1989)(citation omitted). It is clear that prison officials have certain duties under the Eighth Amendment, but these duties are only to provide prisoners with "humane conditions of confinement," including "adequate food, clothing, shelter, and medical care . . . ." *Woods v. Edwards*, 51 F.3d 577, 581 n.10 (5th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). In order to state a claim, the prisoner

plaintiff must prove that the defendants were deliberately indifferent to a substantial risk to the inmate. *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979, 128 L. Ed. 2d 811 (1994). The Supreme Court has held the standard is not met "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Here, the court finds it is beyond doubt that Plaintiff has failed to allege the Defendants "consciously disregard[ed] a substantial risk of serious harm," which is necessary to state a claim cognizable under § 1983. *Id.* at 826 (citation omitted). At best, the Plaintiff has alleged that the Defendants acted negligently rather than maliciously or wantonly. It is clear from his complaint that the Plaintiff's injury was not the result of deliberate indifference for his safety. A mere claim of negligence on the part of the prison officials is not cognizable under Section 1983. *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); *Hare v. City of Corinth, MS*, 74 F.3d 6333, 647-48 (5th Cir. 1996).

### Delayed Medical Treatment

In order to prevail on an Eighth Amendment claim for denial or delay of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate

2

health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L. Ed. 2d 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L. Ed. 2d 677 (1986). Similarly, "unsuccessful medical treatment" or even "medical malpractice" do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Based on the facts of this case as presented by the Plaintiff, it is clear that he has not been denied medical care. Since the Plaintiff admits that he has been seen and treated by medical professionals. A claim for denial of medical treatment cannot stand. To the extent the Plaintiff complains about delayed medical attention, he must demonstrate that Defendants were deliberately indifferent and that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993). A claim for delayed medical treatment, however, also fails. After the fall, the Plaintiff was immediately or as soon as practical taken to an emergency room for treatment. There certainly could have been some amount of waiting for treatment but the delay would have been measured in hours, not days or weeks. By literal definition even a few hours could be a delay. By constitutional ruler, waiting that a few hours for treatment for a non-life threatening injury does not amount to a depravation of rights. *See Gibson v. Shabazz*, No. Civ. A. H-04-3405, 2005 WL 151396 at *13 (S.D. Tex. June 23, 2005) (noting that claims for delayed medical treatment typically involve "life-threatening situations."); *see also Buckley v. Correctional Medical Services, Inc.*, 125 Fed. Appx. 98, 2005 WL 600651 (8th Cir. 2005) (20 month delay in scheduling elbow surgery after recommended did not state a 1983 claim delay was due to misunderstanding, non-emergency and not detrimental).

3

Notwithstanding the "delay," the Plaintiff has failed to show, or even allege, how any particular Defendant interfered with or impeded his treatment. Although the Plaintiff is obviously dissatisfied with the treatment he received, the allegations in this case simply do not support a claim for 1983 relief. A 1983 claim will not lie because the Plaintiff disagrees with the course, method and timing of medical treatment. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993) (disagreement with the type or timing of medical services provided cannot support a 1983 claim); *see also Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir. 2001). Therefore, the Plaintiff's claim of denial or delay of medical attention is plainly without merit and shall be dismissed.

A final judgment shall issue in accordance with this opinion.

THIS the 14th day of February, 2011

SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI